Sucesión Alfonzo, Demandante y Apelante, *v.* Rosso et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo en una acción sobre liquidación de sociedad, nulidad de escritura y otros extremos.

No. 1099.—Resuelto en mayo 22, 1914.

Sociedades Mercantiles—Acción de Rendición de Cuentas—Prescripción.— De acuerdo con la ley 63 de Toro, que es la 6ª., título 15, libro 4º. de la Recopilación y la 5ª., título 8, libro 11 de la Novísima, la acción para exigir la rendición de cuenta de la administración de una sociedad mercantil, prescribe a los 20 años.

Herencia—Acción de Petición de Herencia—Prescripción.—De acuerdo con la ley 63 de Toro, la acción de petición de herencia prescribe a los 30 años.

Id.—Acción de Nulidad de Partición de Herencia—Testamentos—Acción de Nulidad de Testamentos.—De la faz de la demanda, presentada en 1910, aparece que todo el derecho que pudieran tener los demandantes en este caso se basa en la simulación de cierto contrato de compraventa celebrado con anterioridad al año 1879, entre P. R., abuelo de los demandantes, y su hermano M. R., y aparece también que dicho derecho ha prescrito totalmente. *Se resolvió:* Que siendo ello así, los demandantes carecen de causa de acción para pedir la nulidad del testamento de M. R., fallecido en el año de 1896 y de la partición de sus bienes practicada en el mismo año, tanto más cuanto que R. J. R., madre de los demandantes y heredera voluntaria de M. R., recibió su herencia sin protesta alguna desde 1896.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Rafael López Landrón.*

Abogado de Josefa R. Rosso, Francisco Rodríguez, Magdalena Goicouría y sus hijos: *Sr. Félix Santoni.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia dictada por la Corte de Distrito de Arecibo, en un pleito titulado sobre liquidación de sociedad, nulidad de escrituras y otros extremos

En la demanda se alega, substancialmente: que Don Manuel y Don Pedro Rosso establecieron en Arecibo allá por el año de 1840, una sociedad industrial que subsistió hasta el 14 de enero de 1879, en que se disolvió por muerte de Don Pedro; que dicho Don Pedro procreó varios hijos, entre ellos Doña Rosa Joaquina Rosso que casó con Don Alfredo C. Alfonzo; que la sucesión de doña Rosa Joaquina y don Alfredo la componen los demandantes en este pleito; que Don Manuel Rosso, con el consentimiento de su hermano y socio Don Pedro, simuló una venta de este último al primero, de todos sus bienes, y para garantizar a Don Pedro en sus derechos sobre los bienes cedidos, hizo testamento instituyéndole heredero usufructuario de por vida de cuanto dejara a su fallecimiento; que además de instituir heredero usufructuario a Don Pedro, el dicho Don Manuel, con fraude de los legítimos herederos de Don Pedro, instituyó por sus únicos y universales herederos para cuando concluyera el usufructo vitalicio que dejaba establecido, a sus sobrinas Josefa Rita y Emilia Rosso, hijas de Don Pedro, y a Josefa Rita, expósita, en una tercera parte; y en las otras dos terceras partes a sus sobrinos Rosa Joaquina Pedro José, Eduardo y Juan Rosso, hijos legítimos de Don Pedro, a Manuel Antonio y José Enrique, expósitos, y a Francisco Rodríguez; que Don Pedro falleció el 14 de enero de 1879; que hasta esa fecha subsistió la sociedad entre ambos hermanos, administrando éstos todos los bienes existentes, no obstante el traspaso fraudulento que se había verificado, y a la muerte de Don Pedro continuó Don Manuel

en posesión de todos los bienes, sin proceder a liquidar· la sociedad y privando a los herederos de Don Pedro, entre ellos a los demandantes, de todos sus derechos; que así continuó el caudal indiviso hasta la muerte de Don Manuel, ocurrida en 12 de marzo de 1896; que al morir Don Manuel, su sobrino Eduardo se hizo cargo de los bienes y los administró a su capricho hasta el 14 de diciembre de 1896 en que reconoció a los herederos nombrados por Don Manuel en su testamento, procediendo a la partición y adjudicación; que en esa partición y adjudicación se defraudó a los verdaderos dueños de los bienes mediante inventarios y valores falsos, y que esos fraudes eran desconocidos a los demandantes y a sus padres, llegando a conocimiento de ellos por investigaciones practicadas a la muerte de Don Eduardo Rosso, acaecida un año próximamente antes de presentarse la demanda.

Esta termina suplicando: 1, que se ordene la liquidación de la sociedad "Hermanos Rosso"; 2, que se declaren nulos el testamento de Don Manuel Rosso y la escritura de partición de sus bienes relictos, y 3, que se proceda al correspondiente juicio de testamentaría para las adjudicaciones de los bienes hereditarios de Don Pedro y Don Manuel Rosso.

Los demandados alegaron las siguientes excepciones previas: 1, indebida acumulación de acciones; 2, falta de hechos para determinar una causa de acción; y 3, la misma, basada especialmente en la prescripción. Dichas excepciones fueron todas declaradas con lugar y no habiéndose concedido a la sucesión demandante permiso para enmendar su demanda, a su instancia se dictó sentencia y entonces la demandante apeló de ella para ante este tribunal.

Hemos examinado cuidadosamente todas las cuestiones envueltas en el caso y, a nuestro juicio, procede la confirmación de la sentencia apelada.

En cuanto a la acción pro socio o de compañía que hubieran podido ejercitar los herederos de Don Pedro Rosso contra Don Manuel Rosso, para exigir cuenta de la administración de la sociedad Rosso Hermanos, ha prescrito con exceso.

Don Pedro Rosso falleció el 14 de enero de 1879, y desde dicha fecha, según se consigna en la misma demanda, quedó extinguida la sociedad industrial de Rosso Hermanos. Desde el 14 de enero de 1879 en que pudo ejercitarse la acción, hasta el 10 de septiembre de 1910 en que se presentó la demanda, transcurrieron más de los veinte años que para la prescripción de esa clase de acciones exigía la ley 63 de Toro, que es la 6ª., título 15, libro 4º. de la Recopilación, y la 5ª., título 8º., libro 11 de la Novísima. 2 Comentario a las Leyes de Toro por Llamas y Molina, 337.

Y aun cuando se considere la acción de los demandantes como de petición de herencia, también habría prescrito al tiempo de ejercitarla, por haber transcurrido más de los treinta años que la citada ley 63 de Toro exigía.

El Tribunal Supremo de España, en su sentencia de 20 de enero de 1866, 13, Jurisprudencia Civil 69, resolvió ''que prescribe a los treinta años en favor del que posee con las condiciones legales la acción de petición de herencia para reclamarle los bienes disfrutados, sin que la sentencia que así lo determine infrinja la ley 63 de Toro, el Fuero 6º. de *prescriptionibus* y la jurisprudencia que apoyada en estas leyes tiene establecida el Tribunal Supremo.''

Y el mismo Tribunal Supremo de España en su sentencia de 17 de mayo de 1887, 61 Jurisprudencia Civil 799, establece que dejando transcurrir el período de treinta años que fija la ley 63 de Toro, según lo tiene repetidamente declarado el tribunal. ''se pierden los derechos por muy respetables que sean, quedando firmes hasta los actos nulos o viciosos si no se hace oportuno uso de la acción que competa para anularlos, por envolver este punto una cuestión de público interés.''

Y en cuanto a las acciones de nulidad de testamento y nulidad de partición, es evidente que la demanda no aduce hechos bastantes para determinarlas.

Si algún derecho tenían los demandantes en este caso contra Don Manuel Rosso, o sus sucesores, tal derecho se

derivaría del contrato simulado, según la demanda, otorgado por el dicho Don Manuel Rosso y su hermano Don Pedro, padre de Rosa Joaquina Rosso, madre de los demandantes, por virtud del cual aparecía vendiendo Don Pedro a Don Manuel todos sus bienes; y ya hemos visto que tal derecho quedó prescrito por el transcurso de más de treinta años.

Por virtud del contrato simulado, aceptando que lo fuera, todos los bienes aparentemente pasaron en el acto, o por lo menos desde el año de 1879, a poder de Don Manuel. Este los disfrutó en vida como suyos y como suyos dispuso de ellos para después de su muerte ocurrida en 1896, y en el mismo año de 1896 se los repartieron sus herederos voluntarios, encontrándose entre ellos Rosa Joaquina Rosso, madre de los demandantes.

Y así lo que fué ilegal y nulo en el momento de otorgarse, habiendo adquirido realidad práctica por lo menos desde el 14 de enero de 1879 en que murió Don Pedro y todos los bienes pasaron de hecho a Don Manuel, y habiendo continuado teniendo dicha realidad por un período de más de treinta años, se convirtió al fin en válido y hoy no puede destruirse.

Y esta conclusión aparece mucho más evidente y más justa cuando los que reclaman son los hijos de una heredera voluntaria de Don Manuel Rosso, que catorce años antes de presentarse la demanda había aceptado la parte que según el testamento y la partición le correspondió en la herencia de Don Manuel.

Habiendo llegado a las anteriores conclusiones, no es necesario discutir siquiera la de que el tercer extremo de la suplica de la demanda, esto es, que debe abrirse el correspondiente juicio de testamentaría para las adjudicaciones de los bienes de Don Pedro y de Don Manuel Rosso, es manifiestamente improcedente.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

.Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.